**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 15 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK JAMES SIMON, | No.   15-55531 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-03763-MMM-SH |
| v. | |
| JOSIE GASTELO, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted June 7, 2017
Pasadena, California

Before:  GRABER and MURGUIA, Circuit Judges, and BOLTON,** District Judge.

Mark Simon stands convicted of three crimes, stemming from a violent altercation at a state fair.  Simon rejected a plea offer of a four-year sentence.  After a jury convicted Simon, he was sentenced to nine years in prison.  Simon

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

pursued a direct appeal and collaterally challenged his conviction in the California state court system, securing no relief. He then filed a habeas petition in federal district court, which the district court denied. We granted a certificate of appealability on Simon's claims that (1) the trial court should have held a competency hearing, and (2) that his trial counsel rendered ineffective assistance of counsel by failing to request a competency hearing. We review "the last reasoned state court adjudication on the merits." *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013). Applying the required deference to the state court's rulings, *see* 28 U.S.C. § 2254(d), we affirm.

1. A state court ruling that a competency hearing was unnecessary is a factual finding. *See Mendez v. Knowles*, 556 F.3d 757, 771 (9th Cir. 2009). We review the finding to decide whether it was "'unreasonable' within the meaning of 28 U.S.C. § 2254(d)(2)." *Torres v. Prunty*, 223 F.3d 1103, 1105 (9th Cir. 2000); *see Mendez*, 556 F.3d at 771.

"A state trial judge must conduct a competency hearing, regardless of whether defense counsel requests one, whenever the evidence before the judge raises a <u>bona fide</u> doubt about the defendant's competence to stand trial." *Williams v. Woodford*, 384 F.3d 567, 603 (9th Cir. 2004). A bona fide doubt is present where "a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt

2

with respect to competency to stand trial." *Stanley v. Cullen*, 633 F.3d 852, 860 (9th Cir. 2011) (quoting *de Kaplany v. Enomoto*, 540 F.2d 975, 983 (9th Cir. 1976) (en banc)). The evidence before the trial court judge of Simon's mental health issues is roughly comparable to, or less than, evidence previously rejected in similar competency challenges in Ninth Circuit cases on both direct appeal, *United States v. Brugnara*, 856 F.3d 1198, 1215–16 (9th Cir. 2017), and on collateral review, *e.g., Davis v. Woodford*, 384 F.3d 628, 644–47 (9th Cir. 2004). Though there is evidence of Simon's mental health problems since his incarceration, this evidence was not before the trial court, and on review we "disfavor retrospective determinations of incompetence." *Williams*, 384 F.3d at 608. Simon appears to have understood the "nature and object of the proceedings against him" when discussing his right not to testify, and when he accepted responsibility so as to reduce his sentence; he could, and did, "consult with counsel"; and there is no apparent evidence that he was unable to "assist in preparing his defense" during his trial. *Drope v. Missouri*, 420 U.S. 162, 171 (1975). The California Court of Appeal did not make an unreasonable factual finding when it found that the trial court did not have to hold a competency hearing.

2. Counsel did not provide ineffective assistance by failing to request a competency hearing before sentencing. Rather than looking to whether the state court reached the right result, the court looks to "whether that determination was

3

unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation marks omitted); *see Strickland v. Washington*, 466 U.S. 668, 689 (1984). Counsel's failure to move for a competency hearing violates the defendant's right to effective assistance of counsel when "there are sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt the defendant's competency, and there is a reasonable probability that the defendant would have been found incompetent to stand trial had the issue been raised and fully considered." *Stanley*, 633 F.3d at 862 (internal quotation marks omitted). Here, counsel brought the issue to the court's attention, and requested a mental health evaluation prior to sentencing. The California Court of Appeal reasonably concluded that trial counsel was not ineffective. *See Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986) (holding that counsel must display "gross incompetence" to be ineffective). Simon also failed to show prejudice from the lack of a competency evaluation, either by showing that he would have accepted a plea offer when competent, *Lafler v. Cooper*, 566 U.S. 156, 164 (2012), or that he would have made a more compelling presentation at trial than the testimony he gave. The California Court of Appeal did not unreasonably apply either prong of *Strickland*.

**AFFIRMED**.

4